# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| DANIEL L. WILLIAMS, ) | |
| ) | Case No. 3:18-cv-222 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge H. Bruce Guyton |
| CLAIBORNE COUNTY JAIL, MEDICAL ) | |
| STAFF, OFFICER WOMPSHIRE, ) | |
| OFFICER SMITH, ADAM HOPSON and ) | |
| JOHN DOE, ) | |
| | |
| *Defendants*. | |

## MEMORANDUM OPINION

This is a pro se prisoner's civil rights action brought under 42 U.S.C. § 1983 by Plaintiff Daniel L. Williams. Upon initial review of Plaintiff's motion to proceed *in forma pauperis* [Doc. 1], the Court issued a deficiency order notifying Plaintiff that he had neither paid the filing fee nor submitted the proper documents required to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2) [Doc. 4]. Plaintiff was warned that, unless he either paid the full filing fee or submitted the appropriate *in forma pauperis* documentation, properly signed and completed, within thirty days of entry of the deficiency order, the Court would presume that he is not a pauper, assess the full filing fee, and dismiss the case for failure to prosecute [Doc. 4 pp. 1-2]. The deficiency order was entered on January 10, 2019, and was mailed to Plaintiff's listed address at the Bledsoe County Correctional Complex [Doc. 4].

More than thirty days have passed since the entry of the deficiency order, and Plaintiff has failed to pay the fee, submit the appropriate documentation, or otherwise respond to that order in any way. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc.

1] will be **DENIED** and Plaintiff will be **ASSESSED** total court fees in the amount of four hundred ($400.00) dollars, consisting of a filing fee of three hundred fifty dollars ($350.00), and an administrative fee of fifty dollars ($50.00). *See* 28 U.S.C. § 1914(a); Judicial Conference of the United States, District Court Miscellaneous Fee Schedule # 14 (effective September 1, 2018). The Clerk is **DIRECTED** to forward a copy of this opinion to the Court's financial deputy.

Additionally, pursuant to Fed. R. Civ. P. 41(b), this action will be **DISMISSED** for want of prosecution and for failure to comply with the Court's deficiency order and the local rules of court. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of a complaint if "the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." *See, e.g.*, *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). Dismissal under Fed. R. Civ. P. 41(b) may be *sua sponte*. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). In determining whether involuntary dismissal is warranted under Rule 41(b) for failure to prosecute, a court is to consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008).

As to the first factor, the Court finds that Plaintiff's failure to comply with the deficiency order is due to his own willfulness and fault. Local Rule 83.13 imposes upon a pro se litigant the obligation to both monitor the progress of his case and to prosecute it diligently. Moreover, that same rule provides that the failure of a pro se plaintiff to timely respond to an order sent to the last address provided to the Clerk may result in dismissal of the case. Here, the record shows

that the Court's deficiency order was mailed to Plaintiff at his last reported address [Doc. 4]. There is no indication that the order was returned as undeliverable or that Plaintiff did not receive it. "[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan*, 951 F.2d at 109. The Court's order set a clear deadline for Plaintiff to follow, and he nevertheless failed to adhere to that deadline, in violation of both the local rules and the order itself. Accordingly, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that, because service was never issued, Plaintiff's failure to comply with the Court's orders has not prejudiced Defendants.

As to the third factor, the Court warned Plaintiff that his case would be dismissed if he failed to comply with the deficiency order within the allotted timeframe [Doc. 4 p. 2]. Plaintiff's failure to comply with or respond to that order despite being placed on notice of the consequences of non-compliance also weighs in favor of dismissal.

Finally, the Court finds that any alternative sanctions would not be effective. Plaintiff failed to respond to the deficiency order and otherwise has failed to monitor or pursue this action in any way since notifying the Court of a change of address on June 25, 2018 [Doc. 3]. Any further attempts to prod Plaintiff into compliance through the imposition of a lesser sanction than dismissal would appear to be futile.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of the dismissal of this action. Accordingly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this action will be **DISMISSED with prejudice** for want of prosecution and for

failure to comply with the Court's orders and the local rules of court. *McGore*, 114 F.3d at 605 (if prisoner does not comply with a deficiency order, the district court must presume he is not a pauper, assess the full amount of fees, and must order the case dismissed for want of prosecution).

In accordance with 28 U.S.C. § 1915(a)(3) and Rule 24 of the Federal Rules of Appellate Procedure, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Plaintiff for leave to proceed *in forma pauperis* on appeal will be **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**